## FULTZ *v.* BLACK.

Where in an action of forcible entry and detainer, in which the petition alleged
that the defendant forcibly entered upon the prior actual possession of the
plaintiff's premises, and continues to wrongfully and forcibly detain the same,
the court instructed the jury as follows: "That if the defendant had in good
faith entered upon the premises in dispute, without any knowledge of a prior
adverse claim, and made valuable improvements, and had possession of the
same for thirty days, prior to the commencement of this action, they must
find for the defendant," to which the plaintiff excepted; *Held*, That the in-
struction in no sense came up to the letter or spirit of section 2372 of the
Code, and was erroneous.

In such cases, where the bar of the statute is relied upon, it is necessary to
show, that the defendant's possession has been peaceable and uninterrupted,
and that the plaintiff *had knowledge* of such adverse holding.

### *Appeal from the Greene District Court.*

THIS was an action of forcible entry and detainer, com-
menced before a justice of the peace, and appealed by defend-
ant to the District Court. The plaintiff there moved to dis-
miss the appeal, and on the trial objected to the introduction
of any testimony by defendant, which motion and objection
was overruled. Against plaintiff's objection, and at defend-
ant's request, the jury was instructed, as shown in the opin-
ion of the court. Verdict for defendant—motions in arrest,
and for a new trial, overruled; judgment on the verdict; and
the plaintiff appeals.

*Brown & Elwood*, for the appellant.

*James D. Templin*, and *James W. Woods*, for the appellee.

WRIGHT, C. J.—The motion to dismiss, and the objection
to the testimony of defendant, we need not notice, as the
judgment must be reversed, because of the error contained
in the instruction asked and given. We may say, however,
that the motion and objection both appear to have been
based upon a mistaken view of the record, and to have been

properly overruled. The instruction asked and given the jury, was as follows : "If defendant had in good faith, entered upon the premises in dispute, without any knowledge of a prior adverse claim, and made valuable improvements, and had possession of the same, for thirty days prior to the commencement of this action, they must find for defendant." Section 2372 of the Code, provides, "that thirty days peaceable and uninterrupted possession, with the knowledge of the plaintiff, after the cause of action accrued, is a bar to this proceeding," to wit : the remedy for forcible entry, and detention of real property. This instruction was doubtless given in view of this section ; but in no sense does it come up to its letter or spirit. The petition alleges that defendant forcibly entered upon the prior actual possession of plaintiff's premises, and continued to wrongfully and forcibly detain the same. If the bar of the statute was relied upon, it was necessary that defendant's possession should have been peaceable and uninterrupted ; and that *plaintiff should have had knowledge* of such adverse holding. Neither the good faith with which defendant entered upon the premises, nor his want of knowledge of any prior adverse claim, nor his improvements, were material or important, nor could they all combined, defeat plaintiff's action. Whatever the motives of the defendant in making the entry—however much he might have known of plaintiff's prior right to the possession—and though he may have made no improvements his defence was complete, if he had thirty days' peaceable and uninterrupted possession, with the knowledge of plaintiff, after the cause of action accrued. We think, therefore, that this instruction was improperly given, and that the judgment must be reversed.

Judgment reversed.